UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE KERN COUNTY ELECTRICAL WORKERS' PENSION FUND, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> TRINITY CONSTRUCTION ENTERPRISES, INC., <br><br> Defendant. | Case No. 1:24-cv-00563-JLT-CDB <br><br> ORDER RE REQUEST FOR RESOLUTION OF DISCOVERY DISPUTE <br><br> (Doc. 13) |

Currently before the Court is a discovery dispute that the parties have agreed to submit to the Court for adjudication through its informal discovery dispute procedure.

**Background**

Plaintiffs are the Board of Trustees of the Kern County Electrical Workers' Pension Fund, Board of Trustees of the Kern County Electrical Workers' Health and Welfare Trust, Board of Trustees of the Kern County Electrical Journeyman and Apprenticeship Training Trust, and Construction Benefits Administration, Inc. (collectively "Plaintiffs"). (Doc. 1, "Complaint," at ¶ 1). In their respective capacities, Plaintiffs are trusts and a designated collection agent seeking to recover on behalf of members of the International Brotherhood of Electrical Workers Local 428 (the "Union") delinquent fringe benefit contributions allegedly

owed by Defendant Trinity Construction Enterprises, Inc., doing business as Trinity Power, Inc., under a letter of assent the parties executed on or about June 26, 2018, and which committed the parties to perform under a certain labor agreement (the "CBA").  *Id.* at ¶¶ 2, 3, 5, 7, 9.  *See* (Doc. 13 at Exhibit A).

Plaintiffs filed their complaint on May 11, 2024.  (Doc. 1).  The operative case scheduling order was entered on August 12, 2024.  (Doc. 8).  Nonexpert discovery closes on October 10, 2025.  *Id.*

On February 25, 2025, Plaintiffs served their First Set of Requests for Production of Documents in which they sought among other things financial records[1] from 2018-2019, and dates prior to May 11, 2020, part of the period during which Plaintiffs contend that Defendants were bound to the CBA.  (Doc. 13 at 2).  Defendant has refused to provide information in response to Plaintiff's written discovery demands that predates May 11, 2020, contending that the statute of limitations renders such information irrelevant.  *Id.* at 3.  Specifically, Defendant argues that "records requested for time periods which are not recoverable cannot lead to the discovery of relevant information because there is no potential recovery prior" to that date.  *Id.* at 5.  As a separate objection, Defendant contends that records outside of the Union's jurisdiction (Kern County) are irrelevant and not discoverable because Plaintiff cannot recover for violations outside of Kern County.  *Id.*  Defendant separately asserts that producing such information would be "extremely burdensome and oppressive."  *Id.* at 3

On April 29, 2025, the Court convened with the parties on the record to address the parties' discovery disputes.  (Docs. 13, 15).  Tiffany Dawn Lena appeared on behalf of Plaintiffs and Charles Paul Hamamjian appeared on behalf of Defendant.  At the beginning of the conference, the parties agreed to resolution of the identified discovery disputes outside the Local Rule 251 formal parameters and agreed to abide by an order of the Court after the conference resolving the disputes, subject to seeking review by the assigned district judge

---

[1] Although Plaintiffs did not include in the parties' discovery dispute letter brief either a copy of the discovery request or the language of the relevant request, counsel for Plaintiffs explained during the discovery dispute conference that the request seeks quarterly wage/withholding reports, Form W-3s, payroll records and registers, and general payroll information (*i.e.*, check stubs).

2

pursuant to Fed. R. Civ. P. 72(a) under the "clearly erroneous" or "contrary to law" standards.

**Governing Legal Standard**

"The purpose of discovery is to make trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest extent possible, and to narrow and clarify the issues in dispute." *Jadwin v. Cnty. Of Kern*, No. 1:07-cv-0026-OWW-TAG, 2008 WL 2025093, *1 (E.D. Cal. May 9, 2008) (quotation and citations omitted). Litigants are entitled to seek from each other discovery of information that is "relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b).

"Rule 26 provides that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Information need not be admissible in evidence to be discoverable. Fed. R. Civ. P. 26(b)(1). *See, e.g., Ford v. Unknown*, No. 2:21-cv-00088-DMG-MAR, 2023 WL 6194282, at *1 (C.D. Cal. Aug. 24, 2023) ("Defendants are permitted to discover inadmissible information and bear the risk of asking questions at a deposition that could ultimately be useless at trial."). "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Although relevance is broadly defined, it does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350-51 (1978).

"The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objection." *Jadwin*, 2008 WL 2025093, at *1 (quotation and citations omitted).

**Discussion**

During the discovery dispute conference, counsel for Defendant confirmed that he does not challenge the relevance of the nature of the information requested by Plaintiffs and does not

3

1  challenge the propriety of producing documents and materials containing that information in
2  Defendant's possession and control for the four-year period preceding Plaintiffs'
3  commencement of this action (*e.g.*, through and including May 11, 2020).  Hence, the parties'
4  remaining discovery disputes are two-fold: (1) whether Defendant is required to produce
5  responsive documents and materials covering the period from the parties' date of execution of a
6  letter of assent (June 26, 2018) and the date Defendant contends is the most favorable statute of
7  limitations commencement date (e.g., reflecting a four-year statute of limitations, May 11,
8  2020); and (2) whether Defendant is required to produce responsive documents and materials
9  for areas outside of the Union's jurisdiction.

**A.  Statute of Limitations**

First, although the parties dispute the proper application of the statute of limitations to the underlying facts and allegations in this case, the Court need not resolve that matter as a prerequisite to determining whether the information Plaintiffs seeks is discoverable under Rule 26.  That is because "[t]he statute of limitations is not a rigid barrier separating discoverable information from information outside the scope of discovery." *Gottesman v. Santana*, No. 16-cv-2902 JLS (JLB), 2017 WL 5889765, at *5 (S.D. Cal. Nov. 29, 2017).   Thus, courts permit parties to take discovery of information outside the period of limitations where such information is shown to meet the broadly defined standard for relevance.  *E.g*., *id.* (requiring defendant to produce discoverable information outside statute of limitations period as relevant to the scope of a license at issue); *Hatamian v. Advanced Micro Devices, Inc.*, No. 2015 WL 7180662, at *2 (N.D. Cal. Nov. 16, 2015) ("While the actionable statements post-date these initial comments, under the broad definition of relevance, Plaintiffs are entitled to documents from this time period to give context to the company's later statements about the status of the Llano chip's production").

Here, even if Defendant is correct that the statute of limitations may bar Plaintiff from recovering for Defendant's misreporting of fringe benefits during 2018/2019, that does not foreclose that relevant information may be contained in financial records from 2018/2019. *E.g.*, *Zucchella v. Olympusat, Inc*., No. CV 19-7335 DSF (PLAx), 2023 WL 2633947, at *6-7

(C.D. Cal. Jan. 10, 2023) (finding evidence that plaintiff received kickbacks outside the statute of limitations inadmissible to prove defendants' counterclaims but relevant and potentially admissible as relevant to absence of mistake argument).  Such information could, for instance, inform whether a binding agreement between the parties existed and whether one or both parties acted in conformance with the terms of the agreement such that it could be inferred that party believed an agreement existed.  Given the materiality of the parties' June 2018 agreement to Plaintiffs' claims and Defendant's assertion throughout its affirmative defenses that "no valid agreement" was formed, such evidence unquestionably is relevant.  *See U.S. ex rel. Schwartz v. TRW, Inc.*, 211 F.R.D. 388, 392 (C.D. Cal 2002) ("Rule 26(b) is liberally interpreted to permit wide-ranging discovery of information even though the information may not be admissible at the trial.") (internal citations omitted); Fed. R. Civ. P. 26(b)(1) (permitting discovery of matter relevant to a party's claim or defense).

Second, acknowledging that discovery must be proportional to the needs of the case, the Court finds Defendant has not met its burden of demonstrating that searching for and producing the universe of records at issue (covering an approximate two-year period) outweighs the possible benefit of production.  As clarified during the discovery dispute conference, while Defendant does not dispute its obligation to produce responsive records postdating May 11, 2020, it argues that searching for and producing similar records during the additional two-year period would be "extremely burdensome and oppressive."  (Doc. 13 at 3).  However, when asked by the undersigned during the discovery dispute conference to elaborate on the marginal increase in burden in producing records covering a six-year period as compared to a four-year period, counsel for Defendant could only surmise that expanding the universe would require searching for and producing possibly 2,000 more pages of documents.  Such a general allegation of the purported burden and expense of undertaking challenged discovery is inadequate.  *See, e.g.*, *Renn v. Otay Lakes Brewery, LLC*, No., 2024 WL 4093188, at *4 (S.D. Cal. Sept. 2, 2024) (requiring defendant to produce documents one year beyond four-year statute of limitations due to relevance and defendant's failure to demonstrate undue burden); *Hatamian*, 2015 WL 7180662, at *3 (same).  As further discussed below, that burden will be

minimized further based on the parties' agreement discussed during the discovery dispute conference to narrow the geographic universe of discoverable documents.

In sum, having considered the parties' arguments presented during the informal discovery dispute conference (Doc. 15) and set forth in their joint letter brief (Doc. 13), the Court concludes that Defendant, as the party resisting discovery, has not carried its burden of establishing that the information Plaintiffs seek between the time period of June 26, 2018, and May 11, 2020, is irrelevant under Rule 26.

### B. Geographic Scope

Although not addressed by Plaintiffs in the parties' discovery dispute letter brief, during the discovery dispute conference, counsel for Plaintiffs responded to Defendant's challenge that records relating to its activities outside the Union's jurisdiction (Kern County) are irrelevant. In short, counsel for Plaintiffs explained that some Union members may take work outside of the jurisdiction, making payroll-related records of their earnings (and benefits withheld) plausibly relevant. Counsel for Defendant generally acknowledged the possible relevance of payroll records for Union members engaged in work outside of Kern County.

Accordingly, the Court will impose a slight narrowing of the geographic scope of Plaintiffs' relevant discovery demand to include (1) all responsive records during the relevant time period pertaining to Defendant's activities within Kern County, and (2) all responsive records during the relevant time period pertaining to any member of the Union.

**Conclusion and Order**

Accordingly, for the reasons set forth above, IT IS HEREBY ORDERED

(1) Defendant's objections to producing information in response to Plaintiffs' First Set of Requests for Production of Documents on the grounds of statute of limitations (Doc. 13) are OVERRULED; and

//
//
//

(2) Within 14 days of entry of this order, Defendant SHALL SERVE (1) an amended response to Plaintiffs' First Set of Requests for Production of Documents that removes the statute of limitations as an objection to the requests at issue, and (2) documents responsive to Plaintiffs' First Set of Requests for Production of Documents consistent with the geographic limitations addressed herein.

IT IS SO ORDERED.

Dated: **April 29, 2025**

UNITED STATES MAGISTRATE JUDGE