UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE KERN COUNTY ELECTRICAL WORKERS' PENSION FUND, *et al.*, | Case No. 1:24-cv-00563-JLT-CDB |
| Plaintiffs, | ORDER ON PARTIES' REQUEST TO EXTEND DEADLINE TO FILE DISPOSITIONAL DOCUMENTS |
| v. | (Doc. 20) |
| TRINITY CONSTRUCTION ENTERPRISES, INC., | **July 31, 2026, Deadline** |
| Defendant. | |

Plaintiffs Board of Trustees of the Kern County Electrical Workers' Pension Fund, Board of Trustees of the Kern County Electrical Workers' Health and Welfare Trust, Board of Trustees of the Kern County Electrical Journeyman and Apprenticeship Training Trust, and Construction Benefits Administration, Inc. (collectively, "Plaintiffs"), initiated this action with the filing of a complaint on May 11, 2024, against Defendant Trinity Construction Enterprises, Inc. ("Defendant"). (Doc. 1).

Following a scheduling conference with counsel for the parties, the Court entered the operative scheduling order, pursuant to which discovery closed on January 14, 2026. (Docs. 7, 8). When neither party filed a dispositive motion by the deadline (June 19, 2026), the Court directed the parties to report to the Court whether they wished to convene for a settlement conference. (Doc. 19). On July 7, 2026, the parties filed a notice of settlement in which they represent that the

parties have resolved the entire action by settlement agreement.  (Doc. 20).  The parties express a desire to delay filing dispositional documents "until Defendants can fully satisfy their obligations as required under the settlement agreement … on or around October 8, 2026." *Id.* at 2.

In this District, parties are required to file dispositional documents no later than 21 days after the filing of a notice of settlement "absent good cause." *See* Local Rule 160.  Here, the parties' apparent desire and intention to delay filing dispositional documents until after they have completed performance of terms pursuant to their settlement agreement does not constitute good cause for an extension.  That is because, generally, a federal question claim as was presented in this case is "extinguished by the settlement and converted ... into a claim under a contract," a breach of which the parties should pursue in state court.  *See Kay v. Board of Educ. of City of Chicago*, 547 F.3d 736, 737, 739 (7th Cir. 2008).

In short, as the parties have resolved their claims pursuant to an enforceable contract, the Court declines to maintain this case in active status to supervise the parties' performance of their undisclosed, private settlement agreement because they have not shown that exercising jurisdiction over the performance of their agreement is "essential to the conduct of federal-court business." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994).

The Court will vacate all remaining case management dates and related filing requirements and grant a brief extension of the 21-day deadline for the filing of dispositional documents.  Further, the parties are admonished that, while they may not confer jurisdiction upon the Court to supervise performance under a settlement agreement, they may request that the Court maintain jurisdiction for that purpose.  *See K.C. ex rel. Erica C. v. Torlakson*, 762 F.3d 963, 967 (9th Cir. 2014) (citing *Kokkonen*, 511 U.S. at 381); *Collins v. Thompson*, 8 F.3d 657, 659 (9th Cir. 1993).

**Conclusion and Order**

For the reasons stated above, it is HEREBY ORDERED that:

1.   The parties shall file dispositional documents no later than **July 31, 2026**; and

///

///

///

2

2.  All remaining case management dates and related filing requirements, including the obligation to file a joint report regarding scheduling of a settlement conference, are VACATED. *See* (Docs. 8, 19).

IT IS SO ORDERED.

Dated:    **July 9, 2026**

_____
UNITED STATES MAGISTRATE JUDGE